Louis G. Bruhn, J.
This is a motion on behalf of the respondent in an article 78 proceeding ‘‘ for an order pursuant to Civil Practice Law and Rules, section 7804 (f), dismissing the petition upon the grounds that the petition does not state facts sufficient to constitute a cause of action and for such other and further relief as to this Court may ,seem just and proper.”
To adequately understand the problem involved necessitates a recital of events beginning in 1964.
Each of the petitioners herein began service as regular substitute teacher in the employ of the Board of Education of the City of New York on February 3,1964, the first day of the 1964 spring term, and each served continuously until June 26, 1964, the last day of such term.
While regularly employed teachers in the New York City system who worked from February 3, 1964 through February 28,1964 were paid a full month or l/12th of their annual salary, the petitioners were paid only 28/30ths of that month.
The board’s refusal to compensate these regular substitute teachers for the full month of February, 1964 precipitated an appeal to the Commissioner of Education by Arnold Cohen and 38 others of their number.
On April 18, 1966, the Acting Commisisoner of Education rendered a decision (Matter of Cohen, 5 N. Y. Educ. Rep. 168, 170) in that appeal and held, inter alia, that: “ However in this instance, in view of the fact that respondent’s appointment was as of February 3,1964, and the preceding two days were Saturday and Sunday, appellant rendered all services which could have been required for the month, and is equitably entitled to the full month’s pay.” (Italics supplied.)
*168 Dissatisfied with such result the board applied to reopen that decision and the Acting Commissioner in a decision (Matter of Cohen, 6 N. Y. Educ. Rep. 99, 100) rendered March 7, 1967 concluded: ‘ ‘ Although I have reviewed the additional material submitted on behalf of respondent, it is nevertheless apparent that the appellants here, in fact, rendered a full month’s work and are entitled to a full month’s pay for the period in question.” (Italics supplied.)
Before proceeding further with a recital óf the sequential events that followed several matters should be noted.
First, over two years had transpired from February, 1964 until the Commissioner’s first decision of April 18,1966, almost another year before his final decision of March 7,1967 and over three years from February, 1964 until March, 1967.
Since laches are being asserted as a defense to the petitioners ’ present application, such defense, if available at all, certainly should be equated with the time (over three years) consumed by the board in resisting a final adverse determination of the issue.
It must also be noted that until March 7, 1967 there was no final determination of the Commissioner which this petitioner or any other similarly situated teacher could possibly have availed herself of even if she had been specifically named in the Arnold Cohen petition.
It should also be noted that if there was any doubt that the Commissioner’s original determination was intended to apply only to Arnold Cohen and not any other teacher or teachers similarly situated, such doubt should have been dispelled by the pluralistic language used by the Commissioner in his March 7, 1967 opinion.
Furthermore, even if this petitioner had been specifically named in the Cohen petition, after the Commissioner’s decision of March 7, 1967 there would have been absolutely no logical reason for her to have appealed since the decision clearly indicated a determination by him not limited to a teacher with a unique or singular problem but rather a determination extending to all teachers whose employment as regular substitutes in February, 1964 was identical with that of Cohen so far as payment for the first two days of February, 1964 was concerned.
Certainly it would have been a simple matter for the Commissioner to have chosen different and appropriate language if he intended his decision to have had a limited rather than a general application.
Following the March 7, 1967 decision and in May, 1967 the attorney for the instant petitioners was informed, for the first *169 time, he claims, that the board had no intention of making the Cohen decision applicable to all teachers similarly situated.
However, he claims that, as a result of direct contact with the board, there was an agreement by it to pay the 38 other teachers in accordance with the Cohen decision.
Thereafter, further communications transpired between the attorney for these petitioners and Commissioner Nyquist, Mr. Stone and Dr. Jehu, which communications culminated in a letter dated February 28, 1968 from Mr. Stone to attorney Kaufman which stated, in part: “ I should also point out that any decision of the Commissioner on a given set of facts is determinative of the issues based on those facts, regardless of the number of named appellants. It is expected that the rule laid down in a given appeal will be followed wherever the same or substantially similar facts exist. It therefore does not appear to us that the class action concept, with its attendant difficulties, would significantly expand the applicability of decisions made under our current practice.” (Italics supplied.)
Shortly after this letter the petition which resulted in the now challenged decision was filed with the Commissioner.
At the outset, it .should be quickly noted, that these petitioners were not seeking a review of the Cohen decision but instead were seeking to prevail upon the Commissioner to enforce that decision.
As demonstrative of the fact that such was their purpose we find the prayer in the petition requesting that ‘ ‘ the Commissioner of Education order the Board of Education of the City of New York to compensate the appellant herein, together with all of the teachers named in Schedule A, together with all other teachers similarly situated; and it is farther requested that as a result of the action of the Board of Education in wilfully refusing to comply with a decision of the Commissioner of Education, all of the appellants herein be awarded interest on the amounts due them for February 1 and 2, 1964.” (Italics supplied.)
That the petitioners’ appropriate remedy, at that point, was a demand to enforce the Cohen decision rather than an appeal to review it is substantiated by the Commissioner’s decision of October 14, 1968 denying their application, since there he stated in the very first paragraph: “ In the Matter of Cohen, 5 Ed. Dept. Rep. 168, application for reopening denied, 6 id. 99, Decision No. 7729, dated March 7, 1967, the Commissioner of Education held that a regular substitute appointed as of February 3, 1964 was entitled to a full month’s salary where the preceding days were Saturday and Sunday. This is an *170 appeal by teachers, who, had they been named in Matter of Cohen, would have been entitled to similar relief(Italics supplied.)
Such language should leave little doubt in anyone’s mind that by Cohen the Commissioner intended and so held that a class of people consisting of every regular substitute teacher appointed as of February 3,1964 was entitled both in equity and law to the full month’s salary for that month.
If equity and the provisions of subdivision 1 of section 3105 of the Education Law mandate payment to all regular substitute teachers, and the Commissioner so held in Cohen, it seems incredible that he now should contend that only those teachers who were named in Cohen are entitled to be paid.
Certainly I would hope that the addition of the names of all of the instant petitioners to the Cohen appeal would not have led to a decision different or contrary to that actually rendered by the Commissioner.
If the decision was intended to establish a rule applicable to or for a class it seems surely purely arbitrary for the Commissioner to deny its application for a reason as tenuous as omission of names from the appeal, especially in view of the large number of teachers involved.
Since there is no provision in the rules relating to practice on appeal to the Commissioner governing class actions or proceedings or requiring the names of all appellants to be set forth in the caption or, if toó numerous, set forth in a separate schedule attached to and incorporated by reference in the petition, it seems further purely arbitrary for the Commissioner to use such an omission of names as a reason for denying relief to these petitioners.
On the question of delay, since this was not truly an appeal of the Cohen decision, rule 5 of the Commissioner’s Rules would have no application. (8 NYCRR 276.5.)
Further on the question of delay, it would appear that any legitimate criticism of delay on the part of these petitioners would have to concern itself solely with their delay in failing to sooner demand that the Commissioner enforce his Cohen decision in accordance, with its full import.
The most objectionable delay or sitting idly by should, more properly, be directed against the board for failing to promptly pay all the teachers as directed by the Cohen decision, and against, the Commissioner for failing to insist on a full compliance by the board paying each and every teacher entitled to the additional compensation.
*171 Equity certainly dictated and the decision itself directed payment to all such teachers and not to just Cohen or those originally named with him.
That the Commissioner had available the tools necessary for enforcing obedience to his decision can be quickly ascertained by reference to subdivision 4 of section 311 of the Education Law which provides:
“ The commissioner, in reference to such appeals, petitions or proceedings, shall have power: * * *
“4. To make all orders, by directing the levying of taxes or otherwise, which may, in his judgment, be proper or necessary to give effect to his decision.” (Italics supplied.)
Such apparently is the power to which these petitioners appealed and such apparently is the power which the Commissioner should have utilized and his failure to do so under all of the circumstances would appear to be purely arbitrary.
For the reasons stated, the respondent’s cross motion to dismiss the petition is denied; the decision of the -Commissioner dated October 14, 1968 is, as a matter of law, vacated and annulled as purely arbitrary, and the Commissioner is directed, pursuant to subdivision 4 of section 311 of the Education Law, to issue such order or orders as may be necessary to compel the board to pay all those entitled to payment under the Cohen decision.